

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARTHUR DeIANNI, as Trustee and
Chairman of the Board of Trustees of the
CWA/ITU Negotiated Pension Plan,

                              Plaintiff,          Civil Action No.

       -against-

PM SAVVY SERVICE, INC.,

                             Defendant.
------------------------------------------------------------x

## COMPLAINT

1. This is an action by Arthur DeIanni ("Plaintiff"), in his capacity as Chairman of the Board of Trustees of the CWA/ITU Negotiated Pension Plan ("the Plan") and a fiduciary of the Plan, on behalf of the Plan, to collect unpaid withdrawal liability owed to the Plan by defendant PM Savvy Service, Inc. Plaintiff seeks payment of unpaid withdrawal liability, interest on that unpaid amount, liquidated damages as provided by law, the attorneys' fees and costs of this action and such other and further legal and equitable relief as this Court deems appropriate.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), P.L. 93-406, as amended the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), P.L. 96-364, 29 U.S.C. § 1451(c), in that this is an action by a fiduciary of the Plan to compel an employer to pay withdrawal liability pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b).

3. Venue is based on the district in which the defendant resides and has done business, the Eastern District of New York, pursuant to 29 U.S.C. § 1451(d).

4. Plaintiff Arthur DeIanni is a Trustee and Chairman of the Board of Trustees of the Plan ("Board") and a fiduciary of the Plan.

5. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), in that it was established by the International Typographical Union, AFL-CIO, now known as the Printing, Publishing and Media Workers Sector, CWA, AFL-CIO, which is an employee organization, and it is maintained for the purpose of providing its participants and beneficiaries with retirement income.

6. The Plan is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA § 4001(a)(3), 29 U.S.C. § 1301(a)(3), in that more than one employer is required to contribute to the Plan, and the Plan is maintained pursuant to collective bargaining agreements between one or more employee organizations and more than one employer.

7. The Board is the plan sponsor within the meaning of ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10).

8. The Plan is administered in Colorado Springs, Colorado.

9. Defendant PM Savvy Service, Inc. (the "Employer"), at all relevant times, was a business that operated at 123-12 Horace Harding Expressway, Fresh Meadows, New York, and was an "employer" under ERISA § 3(5), 29 U.S.C. § 1002(5).

10. Communications Workers of America, AFL-CIO (the "Union") and the Employer entered into a collective bargaining agreement in 2002, which was executed on behalf of the Employer by its General Manager, Avi Mordekovich, and was effective January 27, 2002 through April 30, 2005. That collective bargaining agreement covered certain mechanical maintenance employees who worked for the Employer, and required the Employer to make contributions to the Plan for work performed by covered employees.

11. The Union and the Employer entered into a successor collective bargaining agreement (the "CBA"), effective May 1, 2005 through April 30, 2009 and continuing from year to year

thereafter unless terminated by written notice at least 60, but no more than 90, days prior to expiration. The CBA remained in effect through at least November 1, 2012. The CBA covered certain mechanical maintenance employees who worked for the Employer, and required the Employer to make contributions to the Plan for work performed by covered employees.

12. The Plan is established and governed by an Agreement and Declaration of Trust dated as of September 8, 1966 (the "Trust Agreement").

13. The Trust Agreement provides that delinquent contributing employers shall be liable to the Plan for interest on the amount of delinquent contributions due the Plan at a rate equal to the prevailing prime interest rate plus two (2) percentage points and for liquidated damages in an amount equal to the greater of said interest or twenty percent (20%) of the unpaid contributions, as well as the Plan's attorneys' fees and costs.

## CLAIM FOR RELIEF:
## COLLECTION OF UNPAID WITHDRAWAL LIABILITY

14. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. By letter dated December 12, 2012 (the "December 12 Letter"), the Plan notified the Employer that the Plan understood that the Employer had permanently ceased to have an obligation to contribute to the Plan effective November 1, 2012.

16. Based on the formula described in ERISA §4211(b), 29 U.S.C. §1391(b), the Plan determined that the Employer's withdrawal liability is $3,706,857.

17. The December 12 Letter notified the Employer that it had incurred withdrawal liability in the amount of $3,706,857, payable in eighty (80) quarterly installments of $57,770, and that the first payment was due no later than 60 days from the date of that letter.

18. The December 12 Letter further notified the Employer, *inter alia*, that it had 90 days after receipt of that letter to request a review of any matter relating to the assessment or schedule of payment of withdrawal liability.

19. The Employer untimely requested review by the Plan of the assessed withdrawal liability by letter dated July 12, 2013. The Plan denied the request for review by letter dated August 15, 2013. The Employer failed to commence an arbitration proceeding pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a), to challenge the Plan's withdrawal liability assessment and schedule of payments within 60 days after the Plan's notification to the Employer of the Plan's denial of the Employer's request for review.

20. By letter dated February 26, 2013 (the "February 26 Letter"), the Plan notified the Employer that the initial quarterly installment of its assessed withdrawal liability had not been received by February 11, 2013 (within 60 days of the December 12 Letter), and that if the Employer did not cure this default within 60 days, then the entire assessed withdrawal liability would be due and owing, and the Plan would commence a legal action to collect the entire withdrawal liability.

21. The Employer did not make any payment of withdrawal liability within 60 days of the February 26 Letter, so that the entire assessed withdrawal liability in the amount of $3,706,857 is now due and owing.

22. The Plan has not received any payment of withdrawal liability from the Employer. The Plan is entitled to payment from the Employer of the entire assessed withdrawal liability in the amount of $3,706,857, as well as interest at a rate equal to the prevailing prime interest rate plus two (2) percentage points from February 11, 2013 through the date judgment is entered ("Interest"); liquidated damages equal to the greater of Interest or $741,371.40 (20% of the assessed withdrawal liability); and the Plan's reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff demands that judgment be entered against the Employer as follows:

1. Awarding to the Plan pursuant to ERISA §§ 502(g) and 4301(b), 29 U.S.C. §§ 1132(g) and 1451(b), the following:

   a. withdrawal liability in the amount of $3,706,857; and

   b. interest on the withdrawal liability at a rate equal to the prevailing prime rate of interest plus two (2) percentage points from February 11, 2013, through the date judgment is entered; and

   c. liquidated damages equal to the greater of either:

      i. the amount of interest calculated pursuant to subparagraph (b) above, or

      ii. $741,371.40 (which is 20% of $3,706,857); and

   d. the reasonable attorneys' fees and costs of this action incurred by the Plan.

2. Granting to the Plan such other and further relief as the Court deems appropriate.

Respectfully submitted,

BRYAN CAVE LLP

By: *[signature]*

Jay P. Warren (JW 3600)
1290 Avenue of the Americas
New York, New York 10104
212-541-2000 (phone)
jpwarren@bryancave.com
*Attorneys for Plaintiff*

New York, New York
October 25, 2013